FINTON v. STATE OF INDIANA.

[No. 30,210. Filed October 17, 1963.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged by affidavit with armed robbery. The first trial resulted in a mistrial being ordered by the court due to the illness of a juror. On the second trial a verdict of guilty was returned and appellant was sentenced to the Indiana

State Prison for a period of ten years. Appellant has assigned as error the overruling of his motion for new trial.

Appellant first contends the verdict is not sustained by sufficient evidence in that the State did not prove the ownership of the money taken by appellant, and did not prove that the money was taken from the person of William Hausman.

Here the evidence showed that Mr. Hausman, manager of the Kroger store, was accosted by appellant with a gun and was instructed by appellant to turn over to him the money from four of the five cash registers of the Kroger store, which Hausman did. Hausman also on appellant's instructions removed all the money and checks from the safe in the Kroger store and gave the same to appellant. One of the keys to the safe was in the possession of Mrs. Bruce, head cashier of the Kroger store, and it was necessary for her to give her key to Hausman, the manager, for the safe to be opened. Two keys were required to open the safe, the remaining key being possessed by Hausman. Appellant also took the money from the store office, the money being kept there for cashing checks and money orders, making change and processing the collection of utility bills.

All of this testimony together with the necessary inferences was sufficient to prove the money taken by appellant was the money of the Kroger store. The State is not required to prove every element of crime by direct testimony or observance of each essential act by a witness. *Hudson* v. *State* (1957), 236 Ind. 237, 139 N. E. 2d 917. Circumstantial evidence may be resorted to in order to establish the guilt of a defendant accused of robbery. *Sinks, Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563.

As to appellant's contention that there was no proof the money was taken from the person of William Hausman, the manager, the record shows that after Hausman collected the money from the various places, he put the money in a paper bag and gave the paper bag to appellant who had a gun in his hand. It thus appears, contrary to appellant's contention, that the money was taken from the person of Hausman.

However, it was not necessary for the evidence to show the money had been taken directly from Hausman, the manager, it being sufficient to show it had been taken from his personal presence. *Chizum* v. *State* (1932), 203 Ind. 450, 180 N. E. 674. The evidence in this case was certainly sufficient to show a taking from his personal presence.

Appellant has further contended the court erred in sustaining the State's demurrer to appellant's motion for a discharge of the appellant.

Here it appears that in February 1958 an affidavit in three counts was filed against appellant charging him with (1) kidnapping (2) armed robbery and (3) automobile banditry. He was tried on count 1 and convicted by a jury, and in April 1958 sentenced to the Indiana State Prison for life. In June 1958 counts 2 and 3 were dismissed on motion of the prosecuting attorney. The within proceedings were filed on December 22, 1960, by filing an affidavit charging appellant with the offense of armed robbery, the affidavit being identical with count 2 previously dismissed.

It further appears that following appellant's conviction on count 1 until December 7, 1960, he was continuously confined in the Indiana State Prison at Michigan City, Indiana, save and except for a period of one month following his conviction in 1958 when he was confined in the Vanderburgh County Jail.

Appellant contends that under Burns' Indiana Statutes, §9-1402 (1956 Repl.),[1] Article 1, §12, of the Indiana Constitution and the Fourteenth Amendment of the U. S. Constitution guaranteeing him a right to a speedy trial, he is entitled to a discharge.

Burns' §9-1402, *supra,* in part provides:

" . . . And no defendant shall be detained *in jail,* without a trial, on an indictment or affidavit, for a continuous period embracing more than two [2] terms after his arrest and commitment thereon; or if he was *in jail* at the time the indictment was found or affidavit filed, more than two [2] terms after the term at which the indictment was found or the affidavit first filed; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such terms: . . . " (Italics ours.)

Appellee (The State) has contended appellant was not entitled to a discharge as the protection afforded a defendant under the above cited statute does not apply to time served in prison.

Without deciding the merits of appellant's petition for discharge in other respects, it appears that the facts do not come within the provisions of Burns' §9-1402, *supra,* as the words "detained in jail, without a trial" used in the statute have heretofore been construed by this Court not to be synonymous with confinement in a penitentiary for another crime. *Chelf* v. *State* (1944), 223 Ind. 70, 58 N. E. 2d 353 (overruled on other grounds); See also: *Palmer* v. *State* (1926), 198 Ind. 73, 152 N. E. 607.

Appellant has made no contentions as to his constitutional rights here involved apart from a discussion

---

1. Acts 1905, ch. 169, §219, p. 584; 1927, ch. 132, §12, p. 411.

of the above statute, and the above treatment therefore disposes of the contention here made.

Appellant's next contention is that he was placed in double jeopardy in that a previous jury sworn to try his case was subsequently discharged by the court prior to appellant's trial below.

Here it appears the previous jury was sworn to try appellant on September 12, 1961, and the State of Indiana commenced its opening statement to the jury on September 13th when a juror became ill. The trial was thereupon recessed and on September 14th the court declared a mistrial and discharged the jury over the objection of the appellant.

The court's order and the appellant's objection were as follows:

> "Comes now the State of Indiana by its Prosecuting Attorney, O. H. Roberts, Jr., and comes now the defendant in person and by his attorney, John G. Bunner and the Court now makes the following order, to-wit:
>
> " 'Due to the fact that after interrogation, and after swearing in as a juror, the juror, Mrs. Cleola Pittenger, collapsed before the trial began, that is before the hearing of evidence, and it appears uncertain as to whether or not were she permitted to serve that a like development would not occur, the court feels in its discretion that a mistrial should be ordered in this case and the case reassigned for trial and the jury called accordingly.'
>
> "to which order of the Court, the defendant by his attorney, now makes the following objection, to-wit:
>
> " 'The defendant objects to the declaring of a mistrial in this case for the reason that a jury has heretofore been selected and sworn to try this cause, that although the juror in question did collapse during the opening statement of the prosecuting attorney, the defendant re-

quests that the trial of this cause be resumed and objects to a mistrial and to the discharge of the jury.'

"And now the Court OVERRULES the defendant's objection and a mistrial of this cause is ORDERED:

"And now the trial of this cause is reset for the 9th day of October, 1961, by jury, and now a special venire (30) prospective petit jurors is ORDERED drawn September 25th, 1961, at 10:00 A.M."

Appellant here does not deny the illness of the juror in question but concedes the juror did collapse in open court during the opening statement of the prosecuting attorney. Appellant has further conceded that according to the decisions of this state and a majority of other jurisdictions the continued illness of a juror is sufficient cause to discharge a jury. Appellant however relies upon his contention made some days after the discharge of the jury, and at the time his claim of double jeopardy was being urged, that the court erred in not having previously made a judicial determination of the legal necessity to discharge the jury because of such illness of the juror.

We do not believe this subsequent and additional objection or contention of appellant, made some days after the prior objection and the ruling of the court which declared a mistrial and discharged the jury, can be entertained as it was not timely made. We concur in the holding of the Court in *Van Dam* v. *U. S.*, C. C. A. (6th Circuit, 1928), Ohio, 23 F. 2d 235, cited in 50 C. J. S., Juries, §291, p. 1085, note 50, that the failure to conduct a judicial inquiry to ascertain whether the illness of a juror withdrawn was disabling, was not erroneous in absence of a request therefor on the part of the defendant.

Appellant has further contended the court below committed error at the second trial in overruling his motion for continuance because of the absence of a witness. Burns' §9-1401 (1956 Repl.),[2] provides:

"A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it . . . ."

The record discloses that no written motion for continuance contemplated by the statute was filed by appellant and he therefore has no cause to complain because of the court's ruling against him in this respect.

Appellant's last contention is that the court erred in refusing to give two of his tendered instructions. However, it appears that one of these instructions was adequately covered by other instructions of the court and that the other tendered instruction is not applicable under the issues of this case.

Judgment affirmed.

Myers, C. J., and Achor and Arterburn, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 193 N. E. 2d 134.

2. Acts 1905, ch. 169, §218, p. 584; 1927, ch. 132, §11, p. 411; 1937, ch. 123, §1, p. 702.