JOSEPH NAPIWOCKI *v.* STATE OF INDIANA.

[No. 1070S250. Filed August 6, 1971. Rehearing denied October 19, 1971.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of robbery. Trial by court without a jury resulted in a finding of guilty. Appellant was sentenced to the Indiana State Prison for a term of not less than ten nor more than twenty-five years.

Appellant's sole contention is that the trial court erred in overruling his motion for discharge, which reads in pertinent part as follows:

"1.   That on or about the 21st day of March, 1969, a warrant was read to the defendant, Joseph Donald Napiwocki, charging him with the crime of robbery, and subsequently, the capias issued, binding the defendant over to this Court.

"2.   That on or about the said day of March 21, 1969, the defendant, Joseph Napiwocki, was arrested and incarcerated in the Marion County jail, subsequently transferred to the Indiana Reformatory on or about the 4th day of April, 1969, without being adjudicated a parole violator, and has been continuously restrained of his liberty since said date of March 21, 1969, without having been brought to trial.

"3.   That on May 19, 1969, an affidavit charging the crime of robbery was filed in this Court, but the defendant has not, since said date, been brought to trial; and on the 7th day of January, 1970, the defendant, Joseph Napiwocki, was arraigned in this Court and entered his plea of 'not guilty'.

"4.   That a continuous period in excess of 6 months has elapsed since the defendant's arrest and incarceration, and that a continuous period in excess of 6 months has elapsed since the filing of this charge in this Court, all during which

time, the defendant has been continuously confined in the Marion County jail, and there has been no delay caused by the defendant."

The record in this case discloses the following facts:

Appellant had previously been convicted of the crime of robbery and had been sentenced to the Indiana State Reformatory. On February 28, 1969, he was released from the Reformatory on parole.

On March 19, 1969, appellant's parole officer, Vaughn Overstreet, responded to a complaint of the manager of the home where appellant was residing that the appellant was intoxicated and causing a disturbance.

The parole officer upon finding the appellant intoxicated arrested him for parole violation and took him to the Marion County jail. Upon arriving at the jail it was discovered that appellant had over $200 on his person. Further investigation of this fact led to the charge of robbery, of which appellant now stands convicted.

The appellant was removed from the Marion County jail to the Reformatory as a parole violator.

After his removal to the Indiana Reformatory the affidavit under which he now stands convicted was filed by the Prosecuting Attorney of Marion County. Upon the filing of the affidavit a capias was issued to the Sheriff of Marion County on May 19, 1969.

On October 14, 1969, the trial judge determined that the capias previously issued was still unserved upon the appellant.

On the 23rd day of December, 1969, the trial judge entered an order ordering the Superintendent of the Indiana Reformatory to deliver the appellant to the court for arraignment on the 6th day of January, 1970.

It is appellant's contention that under the Rules of this Court CR. 4 he is entitled to discharge in that more than six months had expired since the charging affidavit had been filed on May 19, 1969.

Under the facts as above recited we cannot agree with the appellant's contention. This Court has previously held that the above Rule is applicable only when the appellant is incarcerated or under recognizance on the charge in question. *Finton* v. *State* (1963), 244 Ind. 396, 193 N. E. 2d 134, 2 Ind. Dec. 214.

In the instant case the appellant's arrest and incarceration in the Reformatory related solely to a conviction for a prior crime having no connection with the prosecution at bar. Appellant was not in jail or on recognizance awaiting trial in the instant case. The record here indicates the appellant was tried well within six months of the time the trial court ordered his return from the Indiana Reformatory to be arraigned in this cause. We, therefore, hold the facts in this case do not bring the appellant within the Rule CR. 4. *Bewley* v. *State* (1966), 247 Ind. 652, 220 N. E. 2d 612, 9 Ind. Dec. 286.

In reaching the decision in this case we are not unmindfull of the decision of the Supreme Court of the United States in the case of *Smith* v. *Hooey* (1969), 393 U. S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575. In that case the Supreme Court held that it is the duty of a state to afford an accused a speedy trial as guaranteed by the Constitution. We also recognize that our Rule CR. 4 was adopted to implement the right to a speedy trial as guaranteed under the Sixth Amendment to the United States Constitution and Article 1, § 12 of the Indiana Constitution. However, as above pointed out, the Rule does not cover the factual situation of the case at bar. The absence of the applicability of the Rule, of course, does not deny the appellant the right to the protection of the Constitution of the United States or the Constitution of this state. In the *Hooey* case the accused had made repeated efforts to asssert his right to a speedy trial. In the case at bar appellant had made no request for trial. However, even in the absence of a request on the part of the appellant for an early trial, the trial court did in fact

within the year of the filing of the charge issue an order to the Superintendent of the Reformatory to return the appellant to court for trial. We hold the action of the trial court in this case afforded the appellant a speedy trial as guaranteed by the Federal and State Constitutions and in keeping with the principles set out in *Smith* v. *Hooey, supra.*

The trial court is, therefore, affirmed.

Arterburn, C.J., and Hunter, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DeBruler, J.—Appellant's sole contention is that the trial court erred in denying appellant's motion for discharge for delay in bringing him to trial. Appellant's motion was verified and reads:

"1. That on or about the 21st day of March, 1969, a warrant was read to the defendant, Joseph Donald Napiwocki, charging him with the crime of robbery, and subsequently, the capias issued, binding the defendant over to this Court.

"2. That on or about the said day of March 21, 1969, the defendant, Joseph Napiwocki, was arrested and incarcerated in the Marion County jail, subsequently transferred to the Indiana Reformatory on or about the 4th day of April, 1969, without being adjudicated a parole violator, and has been continuously restrained of his liberty since said date of March 21, 1969, without having been brought to trial.

"3. That on May 19, 1969, an affidavit charging the crime of robbery was filed in this Court, but the defendant has not, since said date, been brought to trial; and on the 7th day of January, 1970, the defendant, Joseph Napiwocki, was arraigned in this Court and entered his plea of 'not guilty'.

"4. That a continuous period in excess of 6 months has elapsed since the defendant's arrest and incarceration, and that a continuous period in excess of 6 months has elapsed since the filing of this charge in this Court, all during which time, the defendant has been continuously confined in the Marion County jail, and there has been no delay caused by the defendant."

The appellee made no response whatever to that motion; the trial court held no hearing and merely overruled the motion. In this posture we are forced to take the appellant's allegations in his motion as if they were true. *Cummings* v. *State* (1969), 252 Ind. 701, 251 N. E. 2d 663; *Thacker* v. *State* (1970), 254 Ind. 665, 262 N. E. 2d 189.

Appellant alleges he was read an arrest warrant for robbery on March 21, 1969, and that he was never adjudicated a parole violator based on the arrest for drunkeness. Since we are bound to accept those facts as true the majority is incorrect in stating that "appellant's arrest and incarceration in the Reformatory related solely to a conviction for a prior crime having no connection with the prosecution at bar. Appellant was not in jail or on recognizance awaiting trial in the instant case."

Since we are bound to accept as true the fact that appellant was first arrested for this robbery on March 21, then appellant *was* being held in the Reformatory on the robbery charge for which he was tried in this case and CR. 4 does apply to him. That rule reads:

"Defendant in jail. No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was no sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."

Appellant was arrested on March 21, 1969, and was not brought to trial within six months thereafter. Appellant al-

leges that he was continuously confined during that period and there is nothing in the record to controvert that allegation. Therefore, it is clear that the trial court erred in denying appellant's motion for discharge under CR. 4A.

Prentice, J., concurs.

NOTE.—Reported in 272 N. E. 2d 865.