STATE OF INDIANA ON THE RELATION OF ROBERT L. JOHNSON, *v.*
THE HONORABLE HAROLD H. KOHLMEYER, JR. AND MARION
CRIMINAL COURT, DIVISION THREE

[No. 873S163. Filed October 4, 1973. Rehearing denied
November 21, 1973.]

*Ferdinand Samper, Sr., Samper and Samper,* of Indianapolis, for Relator.

*David L. Millen,* Marion Co. Deputy Prosecutor, for Respondents.

GIVAN, J.—The relator has filed a petition for a writ of mandate and prohibition in *forma pauperis* wherein he seeks to prohibit respondents from trying him and seeks a mandate and asks that respondents be mandated to discharge him from the cause captioned *State of Indiana* v. *Robert L. Johnson,* cause number CR 72 801C.

The parties have agreed to a stipulation of facts which reveals the following:

Since August, 1972, relator has been incarcerated in the Johnson County Jail under charges of violation of the Offenses Against Property Act and for unlawful use of a corporate name.

On September 26, 1972, relator was indicted by the Marion County Grand Jury for theft in the cause from which he herein seeks relief. A capias was issued in the cause in question and served on the relator in the Johnson County Jail by the Sheriff of Johnson County. No return of the capias was filed until

May 16, 1973. One month earlier, on April 16, 1973, relator filed a verified motion for discharge pursuant to Ind. Rules of Proc., Rule CR. 4(A).

On May 7, 1973, respondent overruled relator's motion and set arraignment for May 16, 1973. On that date relator moved respondent to reconsider his ruling on the motion to discharge. On June 1, 1973, the motion to reconsider was overruled and the cause was set for trial.

Relator argues that he should be discharged in cause number CR 72 801C in respondent court for the reason that he was incarcerated for more than six months without trial through no fault of his own.

Rule CR. 4(A) reads as follows:

"(A) *Defendant in jail.* No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."

This rule has been interpreted by this Court to be applicable only when the defendant is incarcerated or under recognizance on the charge in question. *Napiwocki* v. *State* (1971), 257 Ind. 32, 272 N. E. 2d 865, 26 Ind. Dec. 497; *Finton* v. *State* (1963), 244 Ind. 396, 193 N. E. 2d 134, 2 Ind. Dec. 214.

In the case at bar relator's incarceration related solely to charges against him in the Johnson Circuit Court and had no connection with the indictment filed in Marion County.

The facts in this case disclose that the cause in question

was set for trial well within six months after relator was brought to Marion County. Thus, relator is not entitled to discharge under Rule CR. 4(A).

Petition for writ of mandate and prohibition is, therefore, denied.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., dissents with statement.

## DISSENTING STATEMENT

DEBRULER, J.—I continue to be convinced of the correctness of my dissent in *Napiwocki* v. *State* (1971), 257 Ind. 32, 272 N. E. 2d 865, 26 Ind. Dec. 497, on this point, and therefore vote to grant the writ.

## ON PETITION FOR REHEARING

GIVAN, J.—Relator has filed a petition for rehearing in this cause in which he urges that this Court is in error in holding that relator's incarceration in Johnson County was unrelated to the indictment filed in Marion County. In an attempt to support his position, the relator has set forth two hypotheticals in his petition for rehearing.

In his first hypothetical the relator cites a situation in which a warrant was issued in one county and an arrest made in another county on said warrant. The relator assumes that even though no charge was pending in the county in which the arrest took place, the arrested person could be left in that county for an indefinite period of time before being returned to the charging county.

In his second hypothetical, relator asks if three distinct crimes are charged in one county would he not be permitted a discharge after seven months of incarceration on each of the three charges.

The relator has misconstrued the law in this case. In the first hypothetical the person charged would be held to answer to the charge from another county, that being the only charge

against the arrested person. The State would be required to comply with Rule CR. 4(A).

In his second hypothetical all three charges being in the same county, each charge would be governed by Rule CR. 4(A), and the State would be required in each case to either bring the accused person to trial during the period required or to state why such could not be accomplished as set forth in the rule.

In the case at bar neither of these situations prevails. The relator had been arrested by the authorities of Johnson County pursuant to a warrant issued in that jurisdiction. The service of a capias issued by Marion County subsequent to the arrest in Johnson County served only as a "hold" for Marion County. The Supreme Court of the United States has noted that where a person is charged with more than one crime he cannot be tried for all at the same time. His rights to a speedy trial must be considered with regard to the practical administration of justice. *Beavers* v. *Haubert* (1905), 198 U.S. 77, 86, 49 L. Ed. 950, 954, 25 S. Ct. 573.

The authorities of Johnson County were entitled to carry out their duties pursuant to the warrant issued in that county before surrendering the relator to Marion County. This would be true even if the Sheriff of Johnson County had immediately made return on the capias issued by the Judge in Marion County and the Marion County Judge had been fully aware of the fact that relator was being held in Johnson County. In the case at bar, however, we have the additional fact that the Sheriff of Johnson County did not, in fact, make a return on the capias issued by Marion County and, as a result, the issuing judge in Marion County did not have the situation called to his attention.

In a situation somewhat different in fact, but with reasoning which applies equally to the case at bar, the Supreme Court of the United States has stated that where a situation was unknown to the trial judge, even though known to the accused (in the case at bar the accused knew he had been

served with the capias; the respondent did not know relator had been served with the capias), any delay caused by such an error was not purposeful or oppressive and should not effect the release of the accused. See *Pollard* v. *United States* (1957), 352 U.S. 354, 1 L. Ed. 2d 393, 77 S. Ct. 481.

We, therefore, reiterate that under the facts in this case Rule CR. 4(A) became operative as to relator's case when he was returned to Marion County under the authority of the capias issued by the respondent court.

Petition for rehearing is, therefore, denied.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; De-Bruler, J., votes to grant rehearing.

NOTE.—Reported in 301 N. E. 2d 518.