Ronnie LANDRUM, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 581S139.

Supreme Court of Indiana.

Dec. 10, 1981.

James B. Hancock, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Mark J. Tidd, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Ronnie Landrum, was convicted by a jury of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for concurrent terms of twenty years for each of his respective crimes. In his direct appeal, he presents the following issues for our review:

1. Whether the trial court erred when it refused to grant his motion to dismiss based on Criminal Rule 4;

2. Whether the trial court erred when it permitted the state to introduce a letter from the co-defendant;

3. Whether there was sufficient evidence to support the verdict of the jury;

4. Whether the verdict was contrary to law; and

5. Whether the sentence imposed by the trial court was excessive and unreasonable in light of facts and circumstances known to the court.

The record reveals that in the early morning hours of July 21, 1978, seventy year old Leo Meyer was attacked and robbed by two men as he entered his place of business, Leo's Cafe, located at 1423 Culbertson Avenue in New Albany, Indiana. The subsequent police investigation culminated in defendant's arrest and conviction for the crimes at issue.

I.

Defendant maintains the trial court erred when it refused to grant his motion to dismiss the charges. The motion, which was filed prior to trial, was predicated on the speedy trial protections enumerated in Criminal Rule 4; he maintained dismissal was warranted by virtue of the alleged fact that a period of one year and fifteen days had elapsed from the date charges had been filed until the date he tendered his motion. After a hearing had been conducted on the matter, the trial court denied the motion.

While defendant's two-page argument in support of his contention fails to delineate the facts upon which his claim is based, the record of the hearing on his motion indicates it rests on the following circumstances. Defendant was incarcerated in the Clark County Jail on charges unrelated to those at issue here. Meanwhile, on July 21, 1978, the instant charges were filed in Floyd Superior Court; on August 7, 1978, a copy of a warrant for his arrest, as well as the charges filed in Floyd Superior Court, were read to him by an officer of the Clark County Sheriff's Department. The record reveals his *pro se* motion to dismiss was prepared on August 16, 1979, served on the prosecuting attorney's office on September 20, 1979, and ultimately filed in Floyd Superior Court on October 1, 1979. Defendant maintains the delay in excess of one year justified relief under the provisions of Ind. R.Crim.P. 4(C), which reads in pertinent part:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . . . Any defendant so held shall, on motion, be discharged."

Defendant's claim is based on the supposition that when the warrant was read to him on August 7, 1978, the reading constituted the "arrest" from which the one-year time frame of Criminal Rule 4(C) began to run.

■ This Court has specifically held, however, that when a defendant is incarcerated in another county on unrelated charges, "arrest" for purposes of Ind.R. Crim.P. 4(A) and (C) does not occur until his return is ordered by the court wherein the second charges have been filed. *State ex rel. Penn v. Criminal Court of Marion County,* (1979) Ind., 389 N.E.2d 21; *Napiwocki v. State,* (1971) 257 Ind. 32, 272 N.E.2d 865 (DeBruler, J., and Prentice, J., dissenting); *see also, State ex rel. Johnson v. Kohlmeyer,* (1973) 261 Ind. 244, 301 N.E.2d 518 (DeBruler, J., dissenting); *State v. Laslie,* (1978) Ind.App., 381 N.E.2d 529; *State v. Roberts,* (1976) 171 Ind.App. 538, 358 N.E.2d 181. In *Napiwocki v. State, supra,* Justices DeBruler and Prentice dissented on the basis that defendant's allegation he was incarcerated by reason of the charges which were the subject of his speedy trial claim had gone unrefuted. Here, however, defendant testified at the hearing on his motion to dismiss that his incarceration in Clark County was due to a crime committed in Clark County—a "second degree burglary for breaking in Bill's Motor Company." Not until June 30, 1980, was his return to Floyd County ordered; consequently, defendant's claim of error is without merit. *State ex rel. Penn v. Criminal Court of Marion County, supra; Napiwocki v. State, supra.* The trial court did not err in denying defendant's motion to dismiss.

## II.

Defendant next argues the trial court erred when it permitted the state to introduce its Exhibit 1, which was identified as a letter sent to the Floyd County Prosecutor by William Wooten. Therein, Wooten, who was confined in prison at the time he sent the letter, wrote:

> "Sir, you are now trying Ronnie Landrum on the same charges you tried me on. If you will help me by dropping the robbery to a lesser offense, and cutting my time to three flat or four flat I will turn states witness against Ronnie Landrum."

Prior to its introduction, defendant objected to the admission of the document for the reason "the prosecutor is attempting to impeach his own witness." Defendant then withdrew the objection and, when the letter was tendered into evidence, responded that he had "No objection, your Honor."

Here, defendant argues the letter was inadmissible as substantive evidence; he maintains the trial court erred by failing to instruct the jury the document was admissible only for the purposes of impeachment.

■ His failure to object at trial or to request an admonishment, however, constitutes a waiver of his right to have his argument considered on appeal. *Stubblefield v. State,* (1979) Ind., 386 N.E.2d 665. Moreover, declarant Wooten's presence in court and availability for cross-examination would defeat defendant's claim of error had it been preserved. *Thompkins v. State,* (1978) Ind., 383 N.E.2d 347. The letter was properly admitted.

## III.

Defendant contends the verdict was erroneous in that it was not supported by sufficient evidence. In support of his contention, he argues the pretrial photographic identification procedures employed by the police were impermissibly suggestive, that no independent basis for the victim's in-court identification existed, and that the commission of a class B felony was not established "in that no gun was admitted into evidence."

■ In his motion to correct errors, defendant did not raise any issue related to either the pretrial photographic identification or the in-court identification. Nor did defendant challenge the photographic identification by a pretrial motion or in-court objection; nor did he object to the in-court identification as it occurred. By virtue of his failure to present these questions for the trial court's consideration, defendant has waived his right to raise the issues here. Ind.R.Tr.P. 59(D)(2); *Raspberry v. State,* (1981) Ind., 417 N.E.2d 913; *Stubblefield v. State, supra.*

In our review of defendant's contention that the evidence was insufficient to sup-

port his conviction for felonies of class "B" status, we neither weigh the evidence nor judge the credibility of witnesses. Rather, we examine only the evidence most favorable to the state, together with the reasonable inferences which can be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the conclusion that defendant was guilty beyond a reasonable doubt, the verdicts must stand. *Scott v. State*, (1981) Ind., 426 N.E.2d 1298; *Moon v. State*, (1981) Ind., 419 N.E.2d 740.

■ The victim, Leo Meyer, who identified defendant as one of the two men who assailed him as he entered his cafe on July 21, 1978, testified the men were inside his place of business when the attack occurred. They knocked him back into the street and threatened to kill him if he made "a false move." According to Meyer, one man wielded a knife while the other held a handgun to his back. They searched him, took $50 he was carrying on his person, again threatened him, and fled. When he returned to the cafe, he discovered his inventory of cigarettes and whiskey had been disturbed. This evidence is sufficient to support defendant's conviction for robbery and burglary as class B felonies. Ind.Code § 35–42–5–1, *supra*; Ind.Code § 35–43–2–1, *supra*. That the weapons were not introduced into evidence does not alter our conclusion. *Munsey v. State*, (1981) Ind., 421 N.E.2d 1115; *Ayers v. State*, (1980) Ind., 400 N.E.2d 143. Were it otherwise, our review would hinge on an evaluation of Meyer's testimony, a prerogative not available to us here. The evidence was sufficient to sustain defendant's convictions of felonies of class B status.

### IV.

As the basis for defendant's contention that "the verdict was contrary to law," he reasserts his attacks on the pretrial photographic identification procedures, as well as the in-court identification. We again note that defendant's complete failure to present either claim to the trial court constitutes a waiver of his right to raise the issues here.

Ind.R.Tr.P. 59(D)(2); *Raspberry v. State, supra; Stubblefield v. State, supra.* The orderly administration of criminal justice requires the trial court have the first opportunity to correct any errors which have allegedly occurred; the claimed errors have here been waived.

### V.

Defendant's final contention is that the sentences accorded him were improper. Both in his motion to correct errors and on appeal, he has asserted the argument that in light of "peculiar facts and circumstances" presented to the court during and after trial, the sentences were "excessive and unreasonable." Defendant has not explained, however, the factual basis for his claim, either here or in his motion to correct errors.

■ We simply note that in support of the sentences imposed on defendant, each of which included an additional ten years for "aggravating circumstances" surrounding defendant's crimes, the trial court listed numerous factors which prompted its sentences. Included in the court's reasons were defendant's substantial criminal record compiled in a short period of time, the court's perception that defendant manifested little interest in "changing his ways," the serious nature of his crimes and the concomitant fear that a reduced or suspended sentence would depreciate the gravity of the offenses, the fact the victim was in excess of sixty-five years, the lack of respect defendant exhibited for the property and person of another, and defendant's need for rehabilitative or correctional treatment. These circumstances fall within the purview of Ind.Code § 35–50–1A–7 (Burns 1979 Repl.), which governs the trial court's sentencing responsibilities; in addition, as stated, the reasons bear the specificity and justification required to increase the basic penalty for a crime. *Abercrombie v. State*, (1981) Ind., 417 N.E.2d 316. In light of the court's extensive explanation for its sentence and the failure of defendant to support his argument, we cannot say the trial court erred in its imposition of the sentences.

We note defendant has argued his sentence is unwarranted for the reason that while his victim was in excess of sixty-five years of age, the record does not disclose the victim was injured in any way. Proof of injury, however, is not necessary in order for the court to consider as an aggravating circumstance the fact the victim was elderly. Ind.Code § 35–50–1A–7(c)(5), *supra.*

■ Finally, though not raised in his motion to correct errors, defendant argues that Ind.Code § 35–50–1A–7, *supra*, is unconstitutional as overbroad, unduly vague, and void of adequate guidelines. Defendant's argument was rejected by this Court in *Basham v. State*, (1981) Ind., 422 N.E.2d 1206. There was no error in defendant's sentencing.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.