**Jerry MAXIE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1283S465.**

Supreme Court of Indiana.

Aug. 26, 1985.

Donald W. Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a class B felony I.C. § 35–42–5–1. The case was tried before a jury. Appellant received a seventeen year sentence.

He raises five issues on appeal: (1) whether the trial court erred in denying his motion to dismiss; (2) whether the trial court erred in permitting the jury to take notes during the trial; (3) whether the trial court erred in permitting the jury to take the written instructions into the jury room; (4) whether trial court erred in responding to a jury inquiry during deliberations with a written note informing the jury which instructions contained the answer to their question; and (5) whether he was denied a fair and impartial trial due to the State's alleged use of its peremptory challenges to systematically exclude blacks from the jury.

These are the facts from the record that tend to support the determination of guilt. Carl Bremer owned Carl's T.V. in Michigan City, Indiana. On December 17, 1981, at approximately 4:00 p.m., two men entered the store and asked Bremer if they could see some television sets. As Bremer showed them a new set, the taller of the two men drew a revolver and ordered Bremer into the bathroom. The other man tied Bremer's hands. The taller man then told Bremer, "it's a stick-up, and we want your money." The other man then took Bremer's wallet. The two men then left the bathroom; subsequently, Bremer heard the bell over the front door ring several times. Thereafter, Bremer managed to obtain a knife and liberate himself. He then called the police. A brief inventory of the merchandise revealed that several color television sets, a radio, a tape recorder, a watch and a microwave oven had been stolen.

At the time of the robbery, David Pagels observed from a window across the street two men making trips back and forth from the store to a dark blue Chevrolet Chevette.

On December 29, Bremer identified the taller of the two men in a photographic line-up. The suspect he identified was appellant.

Terry Lahale testified that he rented a dark blue Chevrolet Chevette to appellant on December 12, and that appellant returned the car on December 21.

**I**

Appellant was arrested in December 1981, in Lake County on an unrelated charge. On the same day as the arrest, LaPorte County officials filed a detainer against appellant for the offense arising from the incident at Bremer's store. Appellant was arrested for the instant charge on September 14, 1982, and on September 17, 1982, an Information for robbery was filed in LaPorte County. Appellant was transferred to LaPorte County, and on September 24, 1982, he appeared before the LaPorte Superior Court. Trial was set for January 31, 1983. An amended Information was filed on December 30, 1982. On the first day of trial, January 31, 1983, appellant filed a Motion to Dismiss which alleged a violation of Ind.R.Crim.P. 4(C). The trial court overruled the motion.

Ind.R.Crim.P. 4(C) is set forth here:

(C) Defendant Discharged. *No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later;* except where a continuance was had on his motion, or the delay was caused by his act,

or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

Appellant argues that he was not brought to trial within one year since LaPorte County filed a detainer on him in December 1981, and his trial was not until January 31, 1983. Consequently, he claims the trial court erred in denying his motion to dismiss because he was essentially arrested in December 1981.

This court has specifically held, however, that when a defendant is incarcerated in another county on unrelated charges, "arrest" for purposes of Ind.R. Crim.P. 4(A) and (C) does not occur until his return is ordered by the court wherein the second charges have been filed. *State ex rel. Penn v. Criminal Court of Marion County* (1979) [270] Ind. [687], 389 N.E.2d 21; *Napiwocki v. State* (1971), 257 Ind. 32, 272 N.E.2d 865 (DeBruler, J., and Prentice, J., dissenting); see also, *State ex rel. Johnson v. Kohlmeyer,* (1973) 261 Ind. 244, 301 N.E.2d 518 (DeBruler, J., dissenting); *State v. Laslie,* (1978) [178] Ind.App. [107], 381 N.E.2d 529; *State v. Roberts,* (1976) 171 Ind.App. [537], 538, 358 N.E.2d 181.

*Landrum v. State* (1981), Ind., 428 N.E.2d 1228, 1230; see also *Hinds v. State* (1984), Ind.App., 469 N.E.2d 31, 34.

■ For the purposes of appellant's argument, *Landrum, supra* is directly on point and stare decisis. Appellant asks us to modify our holding in Landrum on the basis of *Nutt v. State* (1983), Ind.App., 451 N.E.2d 342. In *Nutt* the Court of Appeals formulated a different definition of "arrest" for purposes of the credit time statute. This definition concerned sentencing and is inappropriate under the facts of the case at bar. Consequently, we are not persuaded to modify our holding in *Landrum.*

## II

Appellant claims that the trial court erred in permitting the jury to take notes during the trial. While reading the preliminary instructions to the jury, the trial court informed the jurors that they could take notes during the trial, provided that they did not allow the notetaking to interfere with their concentration on the witnesses. Appellant objected at trial.

The rule in Indiana is set forth here: "Our judgment is that it is a discretionary matter with the court whether or not it thinks it would be reasonable for jurors to take some notes to support their memory with reference to the complexities of any particular case. An abuse of such discretion must be shown to constitute error."

■ *Dudley v. State* (1970), 255 Ind. 176, 263 N.E.2d 161, 164. The circumstances of this case do not show that the trial court's action was improper, nor do the circumstances indicate that the jurors' notetaking interfered with their concentration on the witnesses.

## III

The trial court read the final instructions to the jury in open court before appellant and his counsel. Thereafter, the record is silent. According to appellant's affidavit filed in an effort to make an addition to the record, the jury was permitted, over his objection, to take the written instructions with them into the jury room before deliberations commenced. Appellant argues that the written instructions in the case at bar, like the written instructions given in *Cornett v. State* (1982), Ind., 436 N.E.2d 765, were unpurged of information that might have caused the jurors to speculate upon the relative importance of any particular instruction. See *Cornett, supra* at 766. Thus, he claims that the allegedly defective written instructions prejudiced his defense.

Ind.R.App.P. 7.2(C) sets forth the correct procedure to follow when the record is incomplete or inaccurate.

**1310**

(C) Correction or Modification of the Record. If, on appeal, any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. *If anything material to either party is omitted from the record or is misstated therein, the trial court shall.*

(1) either before or after the record is transmitted to the court on appeal, or

(2) *upon the order of the court of appeal pursuant to the motion of a party or on its own initiative,* correct the omission or misstatement and if necessary certify and transmit a supplemental record. Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits.

*Affidavits may be filed in support of a motion hereunder.* The respective parties may file briefs but oral argument will not be heard. Any court on appeal shall have full power to compel any inferior court, board, or officer exercising judicial functions, or other person, to certify to such court a full and complete transcript of the records and proceedings of any such tribunal, board, officer or person, and the production of any paper, whenever it shall be necessary for the proper determination of any causes or proceeding pending before the court of appeal. The breach of any order may be punished as a contempt.

■ Here, appellant filed an affidavit in the trial court. Apparently, the trial court did not take any action. Nevertheless, assuming the facts in appellant's affidavit to be true, we do not believe that the possible prejudice due to the condition of the written instructions rises to such a level as to deny appellant a fair trial. The markings, notations and footnotes on the instructions did not present a great danger of juror speculation as to their relative importance. Therefore, we deem it unnecessary to order the record corrected on our own initiative.

**IV**

■ Appellant argues that the trial court erred in responding to a jury inquiry during deliberations with a written note informing the jury which instructions contained the answer. Appellant did not object at trial, nor did he include the issue in his Motion to Correct Errors. The note and the response are not set out in the record of proceedings. Therefore, appellate review is foreclosed. See *Raspberry v. State* (1981), 275 Ind. 504, 417 N.E.2d 913.

**V**

■ Appellant argues that he was denied a fair and impartial trial because the State allegedly used its peremptory challenges to systematically exclude blacks from the jury. The record does not include a transcript of the voir dire proceeding. By appellant's admission, the voir dire proceeding was never transcribed. Given the nature of appellant's claim, review is impossible. *Fair v. State* (1977), 266 Ind. 380, 364 N.E.2d 1007.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.