Kelly LAWSON, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 46A05–0511–CV–636.

Court of Appeals of Indiana.

April 11, 2006.

Kelly Lawson, Westville, pro se.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Kelly Lawson's ("Lawson") parole was revoked after he pled guilty to theft and resisting law enforcement. Thereafter, Lawson filed a writ of habeas corpus in the Laporte Superior Court arguing that he was entitled to immediate release because the parole board did not hold his parole revocation hearing within sixty days of his sentencing as required by Indiana Code section 11–13–3–10. Lawson's writ was denied and he appeals raising several issues which we consolidate and restate as: whether the parole board erred when it revoked Lawson's parole. Concluding that Lawson was not incarcerated due solely to an alleged violation of parole and that the parole board was required to revoke his parole pursuant to Indiana Code section 11–13–3–10(c), we affirm.

### Facts and Procedural History

On September 20, 2002, Lawson was sentenced to serve five years for operating a vehicle while intoxicated. Lawson was released on parole on January 15, 2004, after executing a Conditional Parole Release Agreement. The agreement provided in pertinent part that Lawson would 1) make every effort to remain gainfully employed, 2) obtain permission before applying for or renewing a license to operate a motor vehicle, 3) refrain from abusing alcohol or using, possessing, or trafficking a controlled substance, 4) refrain from engaging in conduct prohibited by federal or state law or local ordinance, 5) refrain

from carrying, dealing, or possessing firearms, and 6) report to his supervising officer as instructed. Appellee's App. p. 13.

On March 31, 2004, Lawson was charged with theft and two counts of resisting law enforcement in Allen Superior Court. Lawson was apparently released on bond. *See* Appellee's App. pp. 41, 55. A parole violation report was then prepared and submitted to the Parole Services Section of the Department of Correction. A parole violation warrant was issued and served on Lawson on June 2, 2004. As a result, Lawson was held in the Allen County Confinement Facility pending disposition of his new charges. On June 9, 2004, Lawson executed a written waiver of his right to a preliminary hearing on the alleged parole violation. Appellee's App. p. 15.

On July 9, 2004, Lawson pled guilty to Class D felony theft and one count of Class D felony resisting law enforcement. The trial court ordered Lawson to serve concurrent terms of two years for each conviction. Appellee's App. p. 19. Lawson was transferred to the Department of Correction Reception and Diagnostic Center ("RDC") on July 28, 2004. Due to overcrowding at the RDC, he was transferred to the Putnam County Jail where he was held until September 27, 2004. On that date, Lawson was returned to the RDC.

Lawson's parole revocation hearing was held on October 15, 2004, and his parole was revoked. In its findings of fact, the parole board noted that Lawson's parole revocation hearing was not held within 60 days of the date he was sentenced for his theft and resisting law enforcement convictions as required by Indiana Code section 11–13–3–10. However, the board stated,

[Lawson] had a new sentence and would be in custody even without the parole violation, therefore the failure to hold the hearing in the required time frame did not interfere with the offender's liberty and the offender is being credited for all the time he had been confined; the nature of the violations are new convictions, therefore the offender's ability to defend himself against the parole violation allegation and to offer mitigating circumstances is not affected by the failure to hold the hearing in the required time frame; and the Board further finds that the offender suffered no harm due to the delay in the holding of the revocation hearing.

Appellant's App. p. 14.

On August 4, 2005, Lawson filed a writ of habeas corpus in the Laporte Superior Court, which the trial court treated as a petition for post-conviction relief. The State filed its motion for summary disposition on September 6, 2005. Shortly thereafter, Lawson filed a reply to the State's motion. On September 27, 2005, the trial court denied Lawson's writ. Lawson now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Initially, we observe that in his writ of habeas corpus, Lawson challenged the revocation of his probation and alleged that he was entitled to immediate release. *See* Appellee's App. pp. 3–4. Therefore, both the post-conviction rules and habeas corpus statutes are applicable. *See Mills v. State*, 840 N.E.2d 354, 357 (Ind.Ct.App. 2006). Because neither party asserts that the trial court erred when it treated Lawson's writ of habeas corpus as a petition for post-conviction relief, we will proceed to address the merits of the case. *See id.* at 357–58.

Parole revocation hearings are governed by Indiana Code section 11–13–3–10, which provides, in pertinent part:

(a) Parole revocation hearings shall be conducted as follows

(1) A parolee **who is confined due to an alleged violation of parole** shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available to the department by a jail or state correctional facility, if:

(A) there has been a final determination of any criminal charges against the parolee; or

(B) there has been a final resolution of any other detainers filed by any other jurisdiction against the parolee.

\*      \*      \*      \*      \*      \*

(e) Unless good cause for the delay is established in the record of the proceeding, the parole revocation charge shall be dismissed if the revocation hearing is not held within the time established by subsection (a).

Ind.Code § 11–13–3–10 (2004) (emphasis added).

■  Lawson contends that the parole board did not hold his final parole revocation hearing within sixty days of the date of sentencing for his theft and resisting law enforcement convictions, and therefore, the parole revocation charge should have been dismissed pursuant to Indiana Code section 11–13–3–10(e). In response, the State argues, "Lawson's parole revocation hearing was not untimely because he was not confined solely due to the allega-

tions that he violated his parole." Br. of Appellee at 7.

From the date of his sentencing until the parole revocation hearing, Lawson was confined both for an alleged violation of his parole and as a result of the two-year sentence imposed for his theft and resisting law enforcement convictions.[1] *See* Appellant's App. p. 21; Br. of Appellant at 9. Relying on cases interpreting Criminal Rule 4, the trial court concluded that Lawson was not.entitled to "release from custody." Appellant's App. p. 21 (citing *State ex rel. Johnson v. Kohlmeyer*, 261 Ind. 244, 245, 301 N.E.2d 518, 519 (1973); *Cooley v. State*, 172 Ind.App. 199, 203, 360 N.E.2d 29, 32 (1977)).[2] Specifically, the trial court stated, "like [Criminal Rule] 4, for the 60–day time to apply, there is a requirement that the person be held because of the parole violation allegation[.]" *Id.* (emphasis in original).

Indiana Code section 11–13–3–10 clearly requires that the revocation hearing shall be held within 60 days if the parolee "is confined due to an alleged violation of parole." Lawson would have been confined regardless of the alleged parole violation as he was ordered to serve concurrent terms of two years for his theft and resisting law enforcement convictions. Accordingly, we cannot conclude that Lawson was confined due solely to an alleged violation of parole.

■  Moreover, we observe that section 11–13–3–10(c) provides that if the parolee

---

1.  Lawson admits in his brief that from the date of his sentencing until October 15, 2004, the date of the parole revocation hearing, he was confined in the Department of Correction "due to a violation of his parole and the [new] criminal proceedings[.]" Br. of Appellant at 9. However, it appears from the record that after Lawson's parole was revoked, the two-year sentence imposed for his new convictions was held in abeyance until September 10, 2005. *See* Appellant's App. p. 18.

2.  Criminal Rule 4 only applies when "the defendant is incarcerated or under recognizance on the charge in question." *Johnson*, 261 Ind. at 245, 301 N.E.2d at 519. *See also Cooley*, 172 Ind.App. at 203, 360 N.E.2d at 32 (Cooley "was being held in prison, but not with respect to this charge. That the State of Illinois incarcerated him for a different offense did not entitle him to the operation of" Criminal Rule 4).

has committed a new felony, "the parole board shall revoke the parole and order continuous imprisonment." Ind.Code § 11–13–3–10(c) (emphasis added). Lawson admitted to committing two class D felonies. As a result, the parole board was required to revoke Lawson's parole and order imprisonment.

Finally, we observe that in its findings the parole board stated that Lawson "is being credited for all the time he had been confined." Appellant's App. p. 14. Lawson therefore cannot establish that he was prejudiced by the parole board's failure to hold a hearing within sixty days of the date of sentencing for his theft and resisting law enforcement convictions.

For all of these reasons, the parole board did not err when it revoked Lawson's parole.[3]

Affirmed.

ROBB, J., and VAIDIK, J., concur.

---

3. Given our resolution of this issue, we need not address Lawson's argument that the parole board did not have good cause for the delay.