## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2019, 10:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Darryl Abron
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darryl Abron,<br>*Appellant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee*. | December 12, 2019<br><br>Court of Appeals Case No.<br>19A-MI-939<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1901-MI-35 |

**Brown, Judge.**

[1] Darryl Abron appeals the denial of his request for immediate release. We affirm.

*Facts and Procedural History*

[2] In 2008, Abron was sentenced to twenty years, and in July 2016, he was released to parole. On April 18, 2017, the State charged Abron with the new offense of theft as a class A misdemeanor and later filed an information enhancing the theft charge to a level 6 felony based on prior criminal history. A parole violation warrant was issued and served on April 19, 2017. On July 19, 2017, Abron was sentenced for theft as a level 6 felony to the Marion County Jail for 730 days and received credit for ninety-two actual days confined. On April 17, 2018, Abron was discharged from the Marion County Jail and turned over to the Department of Correction. On May 17, 2018, the parole board held a hearing and issued a disposition indicating that Abron had a new conviction and admitted to the violation and that he was assessed the balance of his sentence.

[3] Abron submitted a Petition for Writ of Habeas Corpus in July 2018, which was file-stamped in January 2019, alleging that the parole board violated his right to a timely revocation hearing under Ind. Code § 11-13-3-10 and requesting his immediate release from custody. The State filed a response and motion for summary disposition arguing in part that Abron's filing should be treated as a petition for post-conviction relief and that his parole revocation hearing was not untimely. The court granted the State's motion and entered judgment against Abron.

*Discussion*

Abron claims that he is entitled to immediate release. He states that the trial court erred in finding his petition for writ of habeas corpus was a petition for post-conviction relief, that he is not asking for remand, and that he is asking this Court to decide the case on the merits. He asserts that he was denied a timely revocation hearing under Ind. Code § 11-13-3-10 and that this Court, in *Lawson v. State*, 845 N.E.2d 185 (Ind. Ct. App. 2006), did not correctly interpret Ind. Code § 11-13-3-10 or determine the legislature's intent. The State agrees that Abron was permitted to file his request for release as a petition for writ of habeas corpus but argues that the trial court had jurisdiction over the petition and that this Court may address the merits of Abron's argument.[1] It argues that Abron's parole revocation hearing was not untimely under Ind. Code § 11-13-3-10 because he was not confined due solely to an alleged violation of parole and remained incarcerated in the Marion County Jail for this theft conviction until April 17, 2018.

The primary rule in statutory construction is to ascertain and give effect to the intent of the legislature. *Hendrix v. State*, 759 N.E.2d 1045, 1047 (Ind. 2001).

---

[1] In *Lawson*, this Court stated:

> Initially, we observe that in his writ of habeas corpus, Lawson challenged the revocation of his probation and alleged that he was entitled to immediate release. Therefore, both the post-conviction rules and habeas corpus statutes are applicable. Because neither party asserts that the trial court erred when it treated Lawson's writ of habeas corpus as a petition for post-conviction relief, we will proceed to address the merits of the case.

845 N.E.2d at 186 (citations omitted).

The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute. *Id*.

[6] Ind. Code § 11-13-3-10(a) provides in part that "[a] parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available to the department by a jail or state correctional facility . . . ." Ind. Code § 11-13-3-10(c) provides in part that, if a parolee commits a new level 6 felony, "the parole board may revoke the parole and order continuous imprisonment." Ind. Code § 11-13-3-10(e) provides that, "[u]nless good cause for the delay is established in the record of the proceeding, the parole revocation charge shall be dismissed if the revocation hearing is not held within the time established by subsection (a)."

[7] In *Lawson*, after Lawson was released to parole, he was charged with theft and two counts of resisting law enforcement on March 31, 2004, a parole violation warrant was served on him on June 2, 2004, he pled guilty on July 9, 2004, to the theft and one count of resisting law enforcement as class D felonies, and the court sentenced him to concurrent terms of two years for each conviction. 845 N.E.2d at 186. Lawson's parole revocation hearing was held on October 15, 2004, and his parole was revoked. *Id*. On appeal, Lawson argued the parole board did not hold his parole revocation hearing within sixty days of the sentencing for his theft and resisting law enforcement convictions and thus the revocation charge should have been dismissed pursuant to Ind. Code § 11-13-3-10(e). *Id*. at 187. We found that, from the date of his sentencing until the

parole revocation hearing, Lawson was confined both for an alleged violation of his parole and as a result of the two-year sentence imposed for his theft and resisting law enforcement convictions. *Id*. The Court held:

> Indiana Code section 11-13-3-10 clearly requires that the revocation hearing shall be held within 60 days if the parolee "is confined due to an alleged violation of parole."[2] Lawson would have been confined regardless of the alleged parole violation as he was ordered to serve concurrent terms of two years for his theft and resisting law enforcement convictions. Accordingly, we cannot conclude that Lawson was confined due solely to an alleged violation of parole.

*Id*. We also observed Ind. Code § 11-13-3-10(c) and that Lawson admitted to committing two class D felonies. *Id*. at 187-188.

[8] We decline to find that this Court's opinion in *Lawson* in 2006 was incorrectly decided or does not reflect the intent of the legislature. *See Fraley v. Minger*, 829 N.E.2d 476, 492 (Ind. 2005) (noting that a judicial interpretation of a statute accompanied by substantial legislative inaction for a considerable time may be understood to signify legislative acquiescence and agreement with the judicial interpretation).

[9] Abron was incarcerated on the new felony charge and the subsequent conviction and sentence until April 17, 2018, and the parole board held a

---

[2] At the time of the decision in *Lawson*, Ind. Code § 11-13-3-10(c) provided that, if a parolee committed a new felony, "the parole board shall revoke the parole and order continuous imprisonment." (Subsequently amended by Pub. L. No. 179-2014, § 3 (Jul. 1, 2014)). The legislature has not made any change to Ind. Code § 11-13-3-10(a) since the decision in *Lawson*.

revocation hearing on May 17, 2018.  We conclude that Abron is not entitled to immediate release.

[10]     For the foregoing reasons, we affirm the trial court.

[11]     Affirmed.

Baker, J., and Riley, J., concur.