STATE OF INDIANA *v.* MICHAEL D. ROBERTS.

[No. 1-576A81. Filed December 21, 1976.]

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellant.

*John M. Howard, Jr., Howard & Lawson,* of Danville, for appellee.

ROBERTSON, C.J.—Plaintiff-appellant, State of Indiana (State), brings this appeal alleging that the trial court erred when it granted the motion to dismiss and for immediate discharge of defendant-appellee, Michael D. Roberts (Roberts) and discharged and released Roberts from custody.

We affirm.

The facts pertinent to this appeal follow. Roberts had been in lawful custody at the Indiana Boys' School from which he had escaped several times prior to an escape on June 23, 1974. As a consequence of the latter escape, a petition was filed in the Hendricks Circuit Court, exercising juvenile jurisdiction, seeking to declare Roberts a delinquent child. Thereafter, on March 19, 1975, following a hearing on the petition, the juvenile court waived jurisdiction of Roberts and ordered the authorities at the Indiana Boys' School to submit Roberts to the custody of the Sheriff of Hendricks County, the sheriff

to hold him in custody to stand trial as an adult for the crime of escape from lawful detention.[1]

There were no further proceedings until May 8, 1975, when the State filed its information in Hendricks Superior Court, and the court assumed jurisdiction over Roberts and ordered the issuance of an arrest warrant. On the same date, Roberts filed with the Hendricks Circuit Court a petition for writ of habeas corpus, which petition was later denied.

On May 9, 1975, when Roberts appeared before the Hendricks Superior Court for arraignment, pauper counsel was appointed and the arraignment was continued until June 23, 1975, at which time Roberts filed his motion to dismiss and for immediate discharge. A hearing was conducted, and the motion was thereafter taken under advisement.

The trial court, on July 21, 1975, sustained Roberts' motion and issued the following order:

> "And afterwards to-wit: July 21, 1975, the court having taken defendant's Motion to Dismiss and for Immediate Discharge under advisement on June 23, 1975, and now being duly advised in the premises, the Court now finds that said motion should be sustained. The court now grants Defendant's Motion to Dismiss and for Immediate Discharge, and said defendant is now ordered discharged and released from custody of the Sheriff of Hendricks County herein (clerk certify copy of this order to the Sheriff of Hendricks County and notify all attorneys herein)."

From the overruling of its timely filed motion to correct errors, the State brings this appeal.

It is the State's contention that the circumstances regarding Roberts' incarceration from March 19, 1975, until May 9, 1975, are such that he was not brought within the purview of Ind. Rules of Procedure, Criminal Rule 4 (CR. 4), IC 1971, 35-4-1-1 (Burns Code Ed.), or any other statute, the provisions of which would authorize his discharge.

---

1. IC 1971, 35-21-8-1 (Burns Code Ed.).

At the outset, it is to be noted that the detention of Roberts from March 19, 1975, until May 9, 1975, was not pursuant to a formal felony charge and was not the result of a formal arrest.[2] Thus, there were not present here the events which should normally fix the responsibilities of the State and set into motion of the procedural machinery established by statute and by the courts to safeguard various constitutional rights of the accused. Not the least among those rights is the right to a speedy trial. U.S. Const. amend. VI; Ind. Const. art. 1, § 12.

While it is true that Roberts was in custody prior to the waiver of juvenile jurisdiction, his custody by the Sheriff of Hendricks County beginning March 19, 1975, must be viewed from a different perspective. This latter custody related to the eventual charge of escape from lawful detention, and, in some respects, such custody is as an initial custody where the "accused" was theretofore at liberty. Thus it is that once the latter custody became discreet and identifiable from the previous and underlying custody by the Indiana Boys' School, Roberts should have been accorded the rights available to any other accused, *subject only* to that underlying custody by the Boys' School.

The State has argued that no section of CR. 4 is applicable until a charge is filed and that, in any event, a speedy trial must be requested by a defendant before CR. 4(B) begins to operate.

The State reads well the letter of the rule, but perceives not its spirit. Contrary to the position of the State, it is our view the application of CR. 4 must be predicated upon the presumption that the State will be diligent in charging defendants. Any other view necessarily implies that a defendant's right to a speedy trial may

2. Though a warrant for Roberts' arrest was subsequently issued on May 8, 1975, the taking of Roberts into custody by the Sheriff of Hendricks County on March 19, 1975, was an arrest according to the definition of IC 35-1-17-1 (Burns Code Ed.).

be avoided merely by delaying an indictment or affidavit indeterminately. Such an implication is unacceptable.

The United States Supreme Court has addressed the issue of pre-indictment delay. In *United States* v. *Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, as clarified by *Dillingham* v. *United States* (1975), 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205, it was held that the protections of the speedy trial provision of the Sixth Amendment attached either upon formal indictment or information (affidavit) or upon arrest, whichever is earlier.

To be consistent with *Marion, supra* and *Dillingham supra,* our CR. 4(B) should be construed as imposing a specific period. (70 days) after indictment or affidavit *appended to a reasonable period encompassing the time from arrest to such indictment or affidavit.* What constitutes a reasonable period will assuredly vary on a case by case analysis, but in the instant case we find no justification for a 50 day delay between the arrest and the affidavit.

As to the State's contention that a speedy trial must be requested by a defendant before CR. 4(B) applies, we again concede that the State is familiar with the language of the rule. However, again we must remark that there must exist an implicit corollary—that the defendant will be given an opportunity to request a speedy trial. Here the defendant's first appearance before the court did not occur until May 9, 1975, when the defendant had already been held for 50 days. Additionally, this was the first occasion for a determination of Roberts' indigency and appointment of pauper counsel. Clearly, it seems to us, the denial of an opportunity to assert a right is a denial of the right itself.

We might add that it would seem somewhat absurd to require a defendant to request an early trial when charges have not yet been specified.

Though we do not necessarily subscribe to the State's supportive reasoning, we do agree with its conclusion that IC 1971, 35-4-1-1 (Burns Code Ed.) is not applicable to the situation at hand. The entree to the mechanism of this statute is that the detained person ". . . offers or advances any explanation, justification, alibi or excuse, or circumstances exist which might or could negative the presence at or participation in said crime by such person detained . . ." The record being silent as to any such offer or advancement, the State was not obliged to follow the preliminary charge procedures.

In sum, it is our view that when the State was derelict, by chance or by design, in its prosecution of Roberts, it effectively denied him, on the facts of this case, the use of CR. 4 and rendered useless the temporal reference points contained in CR. 4. The issue of denial of a speedy trial and all that pertains thereto was left to the discretion of the trial court. The State, having abrogated its responsibility and placing Roberts in an inert position, has not convinced this Court that the trial court's dismissal and discharge of Roberts' was an abuse of discretion. Accordingly, as to the trial court's disposition of the charge of escape from lawful detention, we affirm.

The State has contended that, in any event, it should not be precluded from refiling a charge and proceeding anew against Roberts. We have not been favored with the citation of authorities for that proposition nor are we aware of any decision regarding discharge under CR. 4 which we might use as a polestar. However, in *State* v. *Soucie* (1955), 234 Ind. 98, 123 N.E.2d 888 which interpreted IC 1971, 35-1-27-1 (Burns Code Ed.), the precursor of CR. 4, it was held that a discharge thereunder was a bar to subsequent prosecution for the same offense and that the order granting the discharge was a final judgment in the cause. There is no reason to assume that there would be a

different result under CR. 4, and as the discharge in the instant case is analogous to a CR. 4 discharge, it too will operate as a bar.

It should be noted that the discharge by the Hendricks Superior Court was effective only as to the charge of escape from lawful detention. When the juvenile court waived jurisdiction, it could have been only for the limited purpose of Roberts' standing trial on that charge. The waiver did not absolve Roberts from his prior commitment to the Indiana Boys' School; to the extent that Roberts had not satisfied the term of his earlier commitment to the Boys' School, he remained liable thereon.

To have avoided the apparent failure of communication to the sheriff as to the disposition of Roberts' person, the order of July 21, 1975, might have been better worded had it said that Roberts was discharged and released as to the cause at issue and that he should be remanded to the custody of the Indiana Boys' School. However, we are not prepared to say that the trial court erred in using the language it did. In any event, we peceive no legal impediment preventing the Indiana Boys' School from seeking out Roberts and reacquiring custody of him for the purpose of satisfying the terms of court order originally committing him to that institution.

The order of the trial court is hereby affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 358 N.E.2d 181.