**Eric L. WALES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 31A01–0107–CR–279.**

Court of Appeals of Indiana.

Aug. 28, 2002.

Matthew Jon McGovern, Louisville, KY, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

NAJAM, Judge.

Eric L. Wales petitions for rehearing in *Wales v. State,* 768 N.E.2d 513 (Ind.Ct. App.2002). In that opinion, we held, in part, that because Wales had opened the door to evidence of a 1985 conviction, the evidence of the conviction was nevertheless admissible even though the State did not give notice of intent to use the evidence and the trial court did not balance the evidence's prejudicial effect and probative value as required under Indiana Evidence Rule 609(b). In his petition, Wales points out that we failed to address his alternative argument, that the evidence of his 1985 conviction was inadmissible under Indiana Evidence Rule 403. Although it is not entirely clear from his petition, Wales seems to argue that a defendant cannot open the door to evidence when Rule 403 is the basis of the objection. We grant Wales petition solely to address his Rule 403 argument.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evid. R. 403. But the balancing test under Rule

403 is different from the balancing test under Rule 609(b).

The balancing test of Rule 609(b) inverts the test of Rule 403. Rule 403 is biased in favor of admissibility: it requires the opponent of evidence to show that the risk of unfair prejudice substantially outweighs the probative value of the evidence. Rule 609(b) is biased against admissibility: it requires the party seeking to impeach with an aged conviction to show that the probative value of the evidence substantially outweighs its risk of unfair prejudice.

13 ROBERT LOWELL MILLER, JR., INDIANA PRACTICE § 609.202, 170 (1995).

■■■ As we have stated, we determined in our opinion that Wales opened the door to evidence of his 1985 conviction and, thus, whether or not the trial court engaged in the balancing required under Rule 609(b) is moot. *Wales*, 768 N.E.2d at 521 n. 3. We reach the same result under Rule 403. Inadmissible evidence may become admissible where the defendant "opens the door" to questioning on that evidence. *Jackson v. State*, 728 N.E.2d 147, 152 (Ind.2000). In this case, Wales opened the door to questioning about his 1985 conviction when he discussed his criminal history on direct examination and left the jury with the misleading impression that the only crimes he had committed were attributable to a drug problem he had in 1990. Having opened the door in this manner, the trial court did not abuse its discretion when it allowed the State to question Wales about his 1985 conviction without engaging in the balancing under Rule 403. *See Maslin v. State*, 718 N.E.2d 1230, 1235 (Ind.Ct.App.1999) (holding evidence admissible under Rule 403 where defendant's own testimony opened door to such evidence). Moreover, as we previously determined, any error in the admission of the evidence of Wales' 1985 conviction is harmless. *Wales*, 768 N.E.2d at 521.

The petition for rehearing is granted. We affirm our original opinion in all respects, except as clarified in this opinion on rehearing.

BAILEY and ROBB, JJ., concur.