Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2013, 7:15 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JASON E. MORALES**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON E. MORALES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1211-PC-530 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Keith A. Meier, Judge
Cause No. 87D01-1103-PC-152

**June 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Pursuant to a plea agreement, Jason E. Morales ("Morales") pleaded guilty to Class C misdemeanor operating a motor vehicle while intoxicated. Morales filed a pro se petition for post-conviction relief, but the Warrick Superior Court denied his petition. Morales now appeals and argues that the post-conviction court erred when it concluded that he was not denied the effective assistance of counsel.

We affirm.

**Facts and Procedural History**

Shortly after 2:00 a.m. on December 10, 2006, Trooper William Kennedy stopped a black Pontiac Grand Prix driven by Morales after he noticed that the car had no license plate light and that the car was swerving over the center line of the road. After Morales failed three field sobriety tests, Trooper Kennedy arrested him. Morales was later determined to have a blood alcohol concentration of 0.13. Morales bonded out the same day and was instructed to return to court on January 19, 2007. Morales returned to court on January 19, 2007, but he was informed at that time that the State had not yet filed charges against him and no hearing was held that day.

On May 16, 2007, the State charged Morales with Class A misdemeanor operating a motor vehicle while intoxicated endangering a person, Class C misdemeanor operating a vehicle with a blood alcohol concentration between .08 and .15, Class C misdemeanor operating a vehicle while intoxicated, Class C infraction failure to signal lane change, and Class C infraction no license plate light. The trial court made a finding of probable cause on May 21, 2007 and subsequently scheduled an initial hearing for August 20, 2007.

2

On June 2, 2007, Morales received a notice from the Bureau of Motor Vehicles ("BMV") that from June 5, 2007 until December 2, 2007 his driving privileges would be suspended, pursuant to Indiana Code section 9-30-6-9. Appellant's App. p. 115. On June 4, 2007, Morales filed a Motion for Judicial Review of Suspension of Driving Privileges ("Motion for Judicial Review") but did not file anything challenging the delay in the filing of the charging information. On June 18, 2007, the trial court held the hearing in regard to the Motion for Judicial Review and also held Morales's initial hearing, in which he pleaded not guilty. On June 20, 2007, the trial court granted Morales's Motion for Judicial Review "staying the execution of the BMV suspension exceeding 30 days and granted probationary license privileges for the balance of the suspension." Appellant's App. p. 116. The court also ordered that Morales not operate a vehicle unless it was equipped with an ignition interlock device.

On December 3, 2007, the State filed a Motion to Continue Court Trial due to the unavailability of a witness, and on the following day, Mark Phillips ("Phillips") filed an appearance as the attorney for Morales. The trial court thereafter scheduled the case for a status hearing for December 21, 2007. At the hearing, Phillips withdrew from the case, and the court appointed J. Zach Winsett ("Winsett") as Morales's attorney. The cause was reset for January 18, 2008, and on that day, the court set a trial date of April 25, 2008.

On April 25, 2008, Morales pleaded guilty to Class C misdemeanor operating a motor vehicle while intoxicated with a blood alcohol concentration between .08 and .15, and the other charges were dismissed. He was sentenced to sixty days in the Warrick County Security Center, but his sentence was suspended to one-year probation.

3

Appellant's App. p. 63. The trial court also imposed a ninety-day operator's license suspension with credit for the administrative suspension already served.

On March 21, 2011, Morales filed a pro se Petition for Post-Conviction Relief, and a hearing on the petition was held on March 5, 2012. Morales argued, in part, that his counsel was ineffective for failing "to seek a dismissal of this case for State's failure to prosecute in a timely manner[.]" Appellant's App. p. 18. At the post-conviction hearing, Winsett testified that he had drafted a letter to Morales regarding Morales's request to have the case dismissed due to delay in prosecution. In this correspondence, Winsett indicated that that he did not believe there was a "valid legal argument for filing a Motion to Dismiss." Ex. Vol., Petitioner's Ex. 2. Moreover, Morales testified that between the time he was arrested and when the State filed formal charges, the police did not contact him, and they did not take any items of evidence from him during that time. Tr. pp. 55-56. On October 29, 2015, the court denied Morales's petition and issued detailed Findings of Fact and Conclusions of Law.

Morales now appeals.

## I. Standard of Review

Post-conviction proceedings are not "super appeals[,]" McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002), but rather are "a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal." Allen v. State, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). "When appealing from the denial of post-

4

conviction relief, the petitioner stands in the position of one appealing from a negative judgment." Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). "On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court." Id.

## II. Ineffective Assistance of Counsel

Morales argues that his counsel was ineffective for failing to seek dismissal of his charges because his initial hearing did not occur within ten calendar days of his arrest, as required by Indiana Code section 35-33-7-1[1] and as protected by Indiana Constitution Article 1, Section 12.

> Claims of ineffective assistance of trial counsel are generally reviewed under the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, a claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability arises when there is a probability sufficient to undermine confidence in the outcome.

---

[1] Indiana Code section 35-33-7-1 provides as follows:

> (a) A person arrested without a warrant for a crime shall be taken promptly before a judicial officer: (1) in the county in which the arrest is made; or (2) of any county believed to have venue over the offense committed; for an initial hearing in court.

> (b) Except as provided in subsection (c), if the person arrested makes bail before the person's initial hearing before a judicial officer, the initial hearing shall occur at any time within twenty (20) calendar days after the person's arrest.

> (c) If a person arrested under IC 9-30-5 makes bail before the person's initial hearing before a judicial officer, the initial hearing must occur within ten (10) calendar days after the person's arrest.

Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006) (internal quotation marks and citations omitted). The Strickland test is composed of two prongs and a claim of ineffective assistance of counsel "may be disposed of on either prong." Id. Counsel's decision "to file a particular motion is a matter of trial strategy, and, absent an express showing to the contrary, the failure to file a motion does not indicate ineffective assistance of counsel." Glotzbach v. State, 783 N.E.2d 1221, 1224 (Ind. Ct. App. 2003). Thus, "[t]o prevail on an ineffective assistance of counsel claim based upon counsel's failure to file motions on a defendant's behalf, the defendant must demonstrate that such motions would have been successful." Wales v. State, 768 N.E.2d 513, 523, reh'g granted on other grounds, 774 N.E.2d 116 (Ind. Ct. App. 2002).

It is uncontested that more than ten days elapsed between Morales's arrest and his initial hearing. Morales was arrested on December 12, 2006 and was not formally charged until May 16, 2007. Appellee's Br. at 7. However, we note that "[t]he normal remedy" for a violation of Indiana Code section 35-33-7-1 "is suppression of the evidence obtained during the unreasonable delay" and that a defendant has the burden of showing "that the delay was both unreasonable and prejudicial" before the evidence will be suppressed. Buie v. State, 633 N.E.2d 250, 258 (Ind. 1994) abrogated on other grounds by Richardson v. State, 717 N.E.2d 32 (Ind. 1999) (internal citations omitted).

Morales asserted that he was prejudiced by the delay because his "driver's license would not have been suspended for as long[.]" Appellant's Br. at 9. However, there is no evidence in the record that the delay in filing charges resulted in a longer license suspension. The post-conviction court found that "this Court would not have notified the

6

BMV of the OMVWI charges against the defendant until on or after the date the Court found probable cause, that is, May 21, 2007," and Morales does not offer any evidence to the contrary on appeal. Appellant's App. p. 23. Moreover, Morales's notice of his license suspension indicated that his suspension started on June 5, 2007. Thus, there is no evidence that Morales was prejudiced with a longer suspension due to the delay.

In addition, even if Morales's counsel had objected to the delay, the remedy would have been suppression of the evidence collected during the delay, not dismissal of the case, as Morales asserts. See Buie, 633 N.E.2d at 258. Morales did not contend there was any evidence collected during the delay in filing charges, and, in fact, he testified that between the time he was arrested and when the State filed formal charges, the police did not contact him, and they did not take any items of evidence from him during that time. Tr. pp. 55-56. Thus, there was no evidence to suppress and Morales cannot establish that he was prejudiced by counsel's failure to object to the delay.

Moreover, we agree with the post-conviction court's conclusion that "[t]his type of strategic decision falls within the wide range of reasonable professional assistance, and cannot support a claim of ineffective assistance of counsel under Strickland." See Williams v. State, 733 N.E.2d 919, 926 (Ind. 2000) ("Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord that decision deference."). Accordingly, Morales was not prejudiced by his counsel's failure to file a motion to dismiss, and he was not denied effective assistance of counsel.[2]

_____

[2] Morales also argues that his counsel was ineffective for failing to seek dismissal of his charges based on the holding in State v. Roberts, 171 Ind. App. 537, 358 N.E.2d 181 (1976), but we note that the case is easily distinguishable. In Roberts, we affirmed the trial court's granting of defendant's motion for

7

For all of these reasons, we conclude that the post-conviction court properly denied Morales's petition for post-conviction relief.

Affirmed.

BAKER, J., and MAY, J., concur.

---

discharge, because we concluded it was unreasonable that the juvenile had been held *in the custody* of the sheriff for fifty days before the probable cause affidavit was filed. Id. Here, Morales was released on bond the day of his arrest; he was not incarcerated during the period between his arrest and the filing of formal charges, as was the situation in Roberts.