

FILED

Jun 22 2016, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricky E. Arion, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 22, 2016 <br><br> Court of Appeals Case No. <br> 08A02-1508-CR-1278 <br><br> Appeal from the Carroll Circuit Court <br><br> The Honorable Benjamin A. Diener, Judge <br><br> Trial Court Cause No. <br> 08C01-1309-FB-5 |

**Baker, Judge.**

[1] Ricky Arion appeals the trial court's denial of his motion for discharge. Arion was serving a prison sentence for unrelated convictions when he was served with a warrant informing him of the present charges. He requested a speedy trial on multiple occasions, but the State made no attempt to try him for well over a year. The State now contends that because one of its officers failed to return the warrant to the trial court after serving it upon Arion, it was absolved of its responsibility to bring Arion to trial in a timely fashion in accordance with Indiana Criminal Rule 4. The State's position is contrary to both the text and the purpose of the rule, which places an "imperative duty upon the state and its officers, the trial courts and prosecuting attorneys." *Zehrlaut v. State*, 230 Ind. 175, 183-84, 102 N.E.2d 203, 207 (1951). Because we find that the delay in bringing Arion to trial was unjustifiable and that it exceeded the length of time allowable under Indiana Criminal Rules 4(B) and 4(C), we reverse and remand with instructions to dismiss the charges.

## Facts[1]

[2] On September 5, 2013, the State filed charges of burglary, sexual battery, and criminal confinement against Arion in the Carroll Circuit Court. The next day, the court issued a warrant instructing the Sheriff of Carroll County to arrest Arion on those charges. Arion was incarcerated in Miami County for prior convictions at the time, and the warrant listed the Miami Correctional Facility

---

[1] We held oral argument in this case on May 23, 2016. We would like to thank counsel for their exceptional written and oral advocacy.

as his address. On September 10, 2013, a law enforcement officer at the Miami Correctional Facility served the warrant on Arion and gave him a copy. For unknown reasons, no law enforcement officer returned the served warrant to the trial court.[2]

[3] A few days later, on September 13, 2013, Arion filed a pro se motion for speedy trial under Indiana Criminal Rule 4(B) in the trial court. He did not serve a copy of this motion on the State, but wrote on the bottom of the motion "please forward a copy to the prosecutor's office of said motion." Appellant's App. p. 18. On December 16, 2013, after ninety-four days had passed with no trial date set, Arion filed a motion to dismiss the charges against him, arguing that he had not been brought to trial within seventy days of his filing of a Rule 4(B) motion. The trial court denied the motion, holding that because the arrest warrant had not been returned as served, Arion was "not being held on the above entitled cause" and, therefore, "Rule 4 does not apply." *Id.* at 23.

[4] On January 27, 2014, Arion filed a pro se motion to reconsider, arguing that he had been served with the warrant and it was not his duty to ensure that the warrant was returned as served to the trial court. This time, he made sure to serve the State with a copy. He also attached to the motion a copy of the

---

[2] On June 2, 2015, the Miami Correctional Facility sent the trial court a letter stating that it had faxed the warrant back to the Sheriff's Department on September 10, 2013.

warrant that had been served on him. The trial court summarily denied the motion later that day.

[5] Following this, over a year passed in which the State made no attempt to try Arion. On March 26, 2015, Arion sent a letter to the Carrol County Sheriff's Department with a copy of his arrest warrant in an effort to prove that it had been served on him. The Sheriff's Department forwarded this letter to the trial court the same day. On April 7, 2015, the trial court issued an order to transport Arion to the trial court for an initial hearing to be held on May 22, 2015.

[6] At the hearing, counsel was appointed and trial was set for October 5, 2015. Arion objected to the trial date, citing Indiana Criminal Rule 4(C). The trial court noted the objection. It then issued an order on the initial hearing, acknowledging that Arion's March 26, 2015, letter showed that the warrant had been served on Arion on September 10, 2013, but noting that it had still not received a return of the warrant.

[7] On July 10, 2015, Arion, this time by counsel, filed a motion for discharge under Rule 4(B), 4(C), and the Sixth Amendment to the United States Constitution. The trial court denied the motion on August 17, 2015. The trial court found that Arion "likely became aware of his arrest, in this cause of action, on September 10, 2013." *Id.* at 98. However, the trial court also found that *it* was not aware of the arrest until March 26, 2015, and that it had not seen the copy of the warrant that was attached to Arion's earlier motion. It held:

> From this Court's perspective, temporal restrictions imposed on the Court by Indiana Criminal Rule 4 and the U.S. Constitution begin when Defendant is arrested. In circumstances where Defendant is arrested and the Court is never made aware of the arrest, arrest occurs when the Court has actual knowledge that Defendant has been arrested on this Court's warrant.

*Id.* at 99-100. The trial court went on to hold that, even though the trial was still scheduled seventy days after March 26, 2015, at the initial hearing, Arion had objected under Rule 4(C) rather than 4(B). It also held that Arion had not been prejudiced by the delay. The trial court certified its order for interlocutory appeal and this Court accepted jurisdiction under Indiana Appellate Rule 14(B).

# Discussion and Decision

[8] Arion argues that his right to a speedy trial was violated and that this case should have been discharged under Indiana Criminal Rules 4(B), 4(C), and the Sixth Amendment to the United States Constitution. As we believe that Rule 4 provides a sufficient basis for disposing of this case, we need not address Arion's constitutional arguments. However, because "[t]he broad goal of Indiana's Criminal Rule 4 is to provide functionality to a criminal defendant's fundamental and constitutionally protected right to a speedy trial," we begin our discussion with a few words about that right. *Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013).

[9] The Sixth Amendment to the United States Constitution begins: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." The United States Supreme Court has recognized this right as "one

of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). Speedy trials serve not only to benefit criminal defendants; "society [also] has a particular interest in bringing swift prosecutions." *Barker v. Wingo*, 407 U.S. 514, 527 (1972). Because "society's representatives are the ones who should protect that interest," the Sixth Amendment places an affirmative duty on the State to act. *Id.* at 527, 529 ("[a] defendant has no duty to bring himself to trial"; "the primary burden [is] on the courts and the prosecutors"). The State must act diligently and in good faith when performing this duty. *Smith v. Hooey*, 393 U.S. 374, 383 (1969); *see also Klopfer*, 386 U.S. at 219 (Sixth Amendment protects "against an unjustified postponement of trial").

[10] Given the nature of Arion's case, it is important to note that the fact that he was incarcerated for a separate conviction at the time he was charged with the present offenses is not important. The United States Supreme Court has recognized that defendants incarcerated for unrelated reasons still retain an interest in being tried promptly on new charges. *Smith*, 393 U.S. at 377-78; *Strunk v. United States*, 412 U.S. 434, 439-40 (1973). "The fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge." *Smith*, 393 U.S. at 378.[3]

---

[3] See the paragraphs that follow for a thorough explanation of the reasoning behind this conclusion. *Smith*, 393 U.S. at 378-80.

[11] Indiana Criminal Rule 4 seeks to ensure that the State provides defendants with a speedy trial as mandated by the Constitution. The Rule is divided into several parts, two of which are relevant here. Rule 4(B) provides that

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion . . . .

Rule 4(C), which applies regardless of whether the defendant has moved for a speedy trial, provides that

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later . . . .

Thus, a defendant must be tried within one year of arrest, unless the defendant specifically moves for a speedy trial, in which case he must be tried within seventy days of the motion. The rule provides an exception for when a continuance is made on the defendant's motion or where there was not sufficient time to try the defendant because of congestion of the court calendar, but neither exception is applicable in this case. Crim. R. 4.

[12] On September 13, 2013, after having been read the charges, Arion moved for a speedy trial under Rule 4(B). Both the State and the trial court seem to acknowledge that Arion's arrest on these charges occurred when he was read the warrant. *See* Appellant's App. p. 98 (trial court noting that Arion "likely

became aware of his arrest, in this cause of action, on September 10, 2013");
Appellee's Br. p. 16 (State referring to the reading of the warrant as a "fact[]
indicating that Arion's present charges were subject to Rule 4(B)"). In any
event, the State does not argue that Arion was never being held on these
charges; rather, it contends that the Rule 4 clock did not start ticking until the
trial court gained actual knowledge of Arion's arrest. And it believes that the
trial court could only have had actual knowledge of Arion's arrest once the
warrant was returned.[4]

[13] We disagree. Rule 4 places the burden on the State to bring a defendant to trial
within the relevant time period and the State is relieved from that duty "only for
a delay caused by the defendant's own act or a continuance had on the
defendant's own motion." *Rust v. State*, 792 N.E.2d 616, 618 (Ind. Ct. App.
2003). The State's proposed actual knowledge requirement would remove its
burden entirely so long as it failed to inform the trial court of a defendant's
arrest. But failing to inform the trial court of a defendant's arrest is error, and
the State's attempt to use this error as justification for the delay would preclude

---

[4] The State cites a number of cases in which a defendant was arrested on one charge, released, and arrested later on an unrelated charge. *Cundiff v. State*, 967 N.E.2d 1026 (Ind. 2012); *Upshaw v. State*, 934 N.E.2d 178 (Ind. Ct. App. 2010). These cases are clearly distinguishable from the case now before us in that Arion has not been released and arrested on an unrelated charge. While they do stand for the proposition that "a defendant must be held on the charge for which he requests a speedy trial for Criminal Rule 4(B) to apply[,]" they lend no support to the State's position that the trial court needs to have actual knowledge that the defendant is being so held. *Cundiff*, 967 N.E.2d at 1029.

Arion from availing himself of the protections of Rule 4 through no fault of his own.

[14] It is true we have occasionally found a trial court's lack of knowledge of a defendant's *whereabouts* to be relevant for Rule 4(C) purposes.[5] *Fueston v. State*, 953 N.E.2d 545 (Ind. Ct. App. 2011); *Werner v. State*, 818 N.E.2d 26 (Ind. Ct. App. 2004). These cases stand for the proposition that "[u]nnecessary delays will not be deterred by granting discharges in cases where the trial court and prosecutor did not have actual knowledge of the defendant's whereabouts." *Fuller v. State*, 995 N.E.2d 661, 665 (Ind. Ct. App. 2013). This case, however, does not require us to consider the wisdom of this holding. Both the State and the trial court were well aware of Arion's whereabouts, and they at least *should have* been aware that Arion had been arrested on these charges.

[15] Assuming solely for argument's sake that the trial court's awareness of Arion's arrest is relevant to our analysis here, the State cites no authority for the proposition, and has failed to otherwise persuade us, that the return of the warrant is the *sine qua non* of Rule 4's operation. We do not doubt that in many cases the return of a warrant will indicate to the trial court that a defendant has been arrested and is being held on charges. However, Rule 4 does not cease to operate in the event that such a return is not made. This conclusion is

---

[5] We have not so held for 4(B) purposes, perhaps because Rule 4(B) requires the defendant to file a motion, which necessarily indicates the defendant's whereabouts.

necessary because, as this case shows, law enforcement officers sometimes forget to return warrants.

[16]     Moreover, it is especially clear in this case that the return of the warrant was not the only means by which the trial court could have learned of Arion's arrest, as Arion himself made multiple efforts to bring his arrest to the trial court's attention. Other cases in which we have considered the trial court's lack of awareness dealt solely with motions for discharge under Rule 4(C), which does not require an initial motion on the part of the defendant. But because Arion initially sought the protections of Rule 4(B), he was required to, and did, file a motion with the trial court. Upon receipt of this motion, it should have been clear to the trial court that Arion was being held on the new charges. For how else would he know to, and why else would he want to, move for a speedy trial on those charges? Furthermore, on January 27, 2014, following the trial court's denial of his first motion for discharge, Arion filed a motion to reconsider that included a copy of the warrant. This motion was properly filed in the trial court and served upon the State. [6]

---

[6] At oral argument, the State suggested that the trial court could have believed the attached warrant to be a forgery because it lacked the signature of the law enforcement officer who served it. Put differently, the State argues that the trial court could have believed that Arion was never served with the warrant, but yet was able to intuit the correct charges that he anticipated being arrested for, as well as the cause number that those charges would be brought under, and draft an exact replica of the yet to be served warrant complete with the trial judge's signature. Needless to say, the suggestion is fanciful. Moreover, the trial court never claimed that it believed the warrant to be a forgery. Instead, it took the position that it did not have to read Arion's motion and discover the attached copy of the warrant.

[17]     At this point, the State would have us hold that because the trial court "did not see" the attached warrant, it lacked the actual knowledge that is supposedly prerequisite to Arion's ability to make use of Rule 4. Appellant's App. p. 95. But it simply must be the case that trial courts have a duty to read motions before ruling on them. *See* Ind. Judicial Conduct Rule 2.5 ("A judge shall perform judicial and administrative duties competently, diligently, and promptly"); *see also Barker*, 407 U.S. at 527 n.26 (the trial court is not without responsibility for the expeditious trial of criminal cases).

[18]     Finally, the State attaches great significance to the fact that Arion was not actually ordered to be transported to Carrol County until April 7, 2015. It cites *State ex rel. Johnson v. Kohlmeyer*, which involved a defendant who was incarcerated in Johnson County when he was indicted on unrelated charges in Marion County. 261 Ind. 244, 301 N.E.2d 518 (1973), *reh'g denied* 261 Ind. 244, 303 N.E.2d 661. Our Supreme Court held that, for Rule 4(A) purposes, the clock did not start ticking until the defendant was returned to Marion County. 303 N.E.2d at 663. However, necessary to the Court's holding in that case was the fact that the charges in Johnson County were pending at the time the Marion County charges were brought. *Id.* The Court noted that the defendant could not be tried for both crimes at the same time and, "with regard to the practical administration of justice," held that "[t]he authorities of Johnson County were entitled to carry out their duties pursuant to the warrant issued in that county before surrendering the relator to Marion County." *Id.*

This case is clearly distinguishable. Here, no other county had any interest in prosecuting Arion and therefore the delay was not a practical necessity.

[19] The State also relies on *Landrum v. State*, in which our Supreme Court held that, "when a defendant is incarcerated in another county on unrelated charges, 'arrest' for purposes of Ind. R. Crim. P. 4(A) and (C) does not occur until his return is ordered by the court wherein the second charges have been filed." 428 N.E.2d 1228, 1230 (Ind. 1981). We first note that this holding is explicitly limited to Rules 4(A) and 4(C). But furthermore, we do not read *Landrum* to suggest that a trial court may, *for no practical reason*, delay ordering the return of a defendant who is incarcerated elsewhere at the time he is charged with new crimes. This Court has previously disapproved of "a blanket policy to sit back and wait for a defendant to complete his sentence in a foreign jurisdiction." *Fisher v. State*, 933 N.E.2d 526, 531 (Ind. Ct. App. 2010). It should also be noted that the warrant at issue in this case effectively orders Arion's transfer to Carroll County and the trial court believed that the law enforcement officer serving the warrant was, in fact, required to return Arion to Carroll County upon serving it. Appellant's App. p. 17, 96. If further paperwork needed to be completed by the State or the trial court to effectuate Arion's transfer in this case, the State has provided no explanation for why that was not done, nor should Arion be penalized for the error.

[20] Reluctance to discharge a defendant who had been accused of serious crimes is understandable. We pause to note, however, that the seriousness of the accusations against Arion is irrelevant to, and should have played no part in,

the trial court's Rule 4 analysis. As we have previously observed, speedy trials serve not only the interests of criminal defendants, but the interests of the whole of society. We are confident that the alleged victims of these crimes hoped to see the alleged perpetrator promptly tried. But this was simply all the more reason for the State to comply with the rule. If Rule 4 is to continue to serve as an effective "incentive . . . for prompt adjudication of criminal prosecutions," we cannot relax its requirements whenever the disappointment occasioned by discharge is particularly great. *Poore v. State*, 685 N.E.2d 36, 41 (Ind. 1997). The State has provided us with no practical justification for the delay here, and all evidence indicates that it could have brought Arion to trial in a timely fashion had it chosen to.

[21] We acknowledge that this case presents a factual scenario with which we have apparently not dealt before. Accordingly, we think it wise to confine our holding to the facts presented by this case and avoid making unnecessarily broad pronouncements. That being said, here we are certain that the clock began ticking for purposes of Rules 4(B) and 4(C) at the very least by January 27, 2014—that being the date that Arion filed his motion to reconsider that included a copy of the warrant and was properly filed in the trial court and served upon the State—as after that date the trial court and the State should have been aware that Arion was being held on the charges and was requesting a speedy trial. Well over a year passed from that time, during which Arion caused no delay, but was not brought to trial, until the time at which he filed a

motion for discharge on July 10, 2015. Consequently, the trial court erred in denying that motion.

[22] The judgment of the trial court is reversed and remanded and the trial court is instructed to dismiss the State's charges against Arion for failure to bring him to trial in accordance with Rules 4(B) and 4(C).

May, J., and Brown, J., concur.