

ATTORNEY FOR APPELLANT

Andrew R. Falk
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harry Harrison,

*Appellant-Petitioner,*

v.

Stanley Knight, et al.,

*Appellees-Respondents.*

June 27, 2019

Court of Appeals Case No.
18A-MI-2918

Appeal from the Hendricks
Superior Court

The Honorable Stephenie LeMay-
Luken, Judge

Trial Court Cause No.
32D05-1808-MI-186

**Bailey, Judge.**

# Case Summary

Harry J. Harrison ("Harrison") is being held in Hendricks County for alleged parole violations, the disposition of which depends upon resolution of pending 2016 – 2017 criminal charges in Madison County, but for unknown reasons, he has not been arrested on those charges so as to trigger his Sixth Amendment right to trial within a reasonable time, as implemented by Indiana Criminal Rule 4. Harrison presents the sole issue of whether he is entitled to habeas corpus relief for an illegal detention. Under the unique circumstances of this case, we conclude that Harrison did not validly waive his right to a preliminary parole violation hearing with a determination of probable cause. We remand with instructions to the Hendricks Superior Court to issue a rule to show cause to the Indiana Attorney General, to answer as to why Harrison is in custody in a chain of events stemming from charges upon which he has not been arrested.

# Facts and Procedural History

In 2006, Harrison pled guilty to the charge of unlawful possession of a firearm by a serious violent felon and he was sentenced to twenty years imprisonment in the Indiana Department of Correction ("the DOC"). On October 15, 2015, Harrison was released from incarceration in the DOC to a community transition program.

On October 25, 2016 and January 27, 2017, Harrison was charged with new criminal offenses in Madison County, Indiana. Harrison was apprehended in

South Carolina, waived his right to an extradition hearing, and was returned to Indiana. He was placed in custody on allegations of parole violations.

[4] On October 27, 2017, Harrison signed an Indiana Department of Correction Division of Parole Services document titled "Waiver of Preliminary Hearing." (App. Vol. II, pg. 27.) The document listed eight alleged parole violations: (1) unauthorized change of residence; (2) failure to report; (3) unauthorized out-of-state travel; (4) charge of unlawful possession of a firearm; (5) charge of pointing a firearm; (6) charge of criminal recklessness with a deadly weapon; (7) charge of interference with reporting a crime; and (8) charge of failure to register as a sex offender. Harrison did not initial the space provided to indicate that he was pleading guilty to any allegation. Rather, he placed his initials by the following provisions:

> I plead NOT GUILTY to the alleged parole violations (numbers 1, 2, 3 listed above) and waive my right to a preliminary hearing.

> I waive my right to a Preliminary Hearing of the following alleged Rule #7: Criminal Conduct Violations (number 4, 5, 6, 7, 8 listed above).

*Id.* Harrison signed an acknowledgment that he would not be heard by the Indiana Parole Board until after the final disposition of his pending criminal matters.[1]

On March 5, 2018, Harrison filed in the Madison County Circuit Court a pro-se motion for speedy trials on criminal charges pending in Madison County. The trial court denied the motions, apparently on grounds that warrants were still outstanding, Harrison had not been arrested on new charges, and he was being held on parole violation allegations (without speedy trial rights). On May 21, 2018, Harrison filed a pro se motion for discharge pursuant to Criminal Rule 4(B). On June 7, 2018, the trial court denied Harrison's motion, reasoning:

> The Defendant is not incarcerated under the case in which he believes he is entitled to a speedy trial. The Defendant is currently incarcerated in the Department of Corrections on an unrelated case. The Defendant has yet to even be arrested on the pending case and, accordingly, is not entitled to the benefits of the 70 day speedy trial rule under Criminal Rule 4(B).

*Id.* at pg. 10.

On August 2, 2018, Harrison filed in the Hendricks Superior Court a petition for a writ of habeas corpus. On August 24, 2018, he filed an amended petition, naming as defendants the Warden of the Plainfield Correctional Facility and

---

[1] The State advised the trial court that Harrison has "two pending cases" in Madison County, and Harrison appears to concede as much. (App. Vol. II, pg. 22.)

the Indiana Parole Board. He claimed that he was in unlawful, indefinite detention because he had not been arrested on new charges yet had received no parole hearing. The Indiana Attorney General filed a response, arguing that Harrison was lawfully incarcerated because he was not statutorily entitled to a final parole violation hearing until after disposition of pending criminal charges, and he had signed a Waiver of Preliminary Hearing. On September 5, 2018, the trial court denied Harrison's habeas petition. Following a lengthy delay in which Harrison attempted unsuccessfully to perfect a pro-se appeal and was appointed successive appellate counsel, this Court granted Harrison permission to bring this belated appeal.

# Discussion and Decision

[7] Indiana's habeas corpus statute, Indiana Code Section 34-25.5-1-1, provides that

> [e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal.

A petitioner is entitled to habeas corpus only if he is entitled to immediate release from unlawful custody. *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978). We review a trial court's habeas decision for an abuse of discretion. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008).

[8] Indiana Code Section 11-13-3-9 requires that, upon the arrest and confinement of a parolee for an alleged parole violation, the parolee is entitled to a preliminary hearing to determine whether there is probable cause to believe a violation of a condition has occurred. The parolee is entitled to appear and speak on his own behalf, call witnesses and present evidence, confront and cross-examine witnesses, and obtain a written statement of the findings of fact and the evidence relied upon. *Id.* Subsection (f) provides: "A parolee may waive his right to a preliminary hearing."

[9] A parolee who validly waives his right to a preliminary hearing awaits the parole revocation hearing. Indiana Code Section 11-13-3-10(a)(1) provides that a parolee who is confined due to an alleged violation of parole is to be afforded a parole revocation hearing within sixty days after he is made available by a jail or correctional facility if:

> (A) there has been a final determination of any criminal charges against the parolee; or
>
> (B) there has been a final resolution of any other detainers filed by any other jurisdiction against the parolee.

[10] Harrison has unsuccessfully pursued the prompt resolution of pending criminal charges against him, which would start the clock for the parole revocation hearing. He has repeatedly invoked Indiana Criminal Rule 4(B). His efforts, although diligent, were in vain because "a defendant must be held on the charge for which he requests a speedy trial for Criminal Rule 4(B) to apply." *Cundiff v.*

*State*, 967 N.E.2d 1026, 1029 (Ind. 2012). Had he been arrested on the new charges, he would enjoy Sixth Amendment protection.

[11] The Sixth Amendment provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" A defendant has no duty to bring himself to trial; rather, the primary burden is on the courts and prosecutors. *Arion v. State*, 56 N.E.3d 71, 74 (Ind. Ct. App. 2016) (citing *Barker v. Wingo*, 407 U.S. 514, 527 (1972)). "Indiana Criminal Rule 4 seeks to ensure that the State provides defendants with a speedy trial as mandated by the Constitution." *Id.* at 74. Rule 4(B) provides that a defendant held in jail on an indictment or affidavit who moves for a speedy trial shall be discharged if not brought to trial within seventy days from the date of the motion. Rule 4(C), without the requirement of a motion, provides that

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later … .

[12] In *Arion*, the appellant was serving a prison sentence for an unrelated conviction when he was served with a warrant informing him of new charges; he had in vain requested a speedy trial on multiple occasions. 56 N.E.3d at 72. The *Arion* Court recognized that the appellant retained his speedy trial rights, despite the unrelated incarceration:

> Given the nature of Arion's case, it is important to note that the fact that he was incarcerated for a separate conviction at the time

he was charged with the present offenses is not important. The United States Supreme Court has recognized that defendants incarcerated for unrelated reasons still retain an interest in being tried promptly on new charges. *Smith [v. Hooey]*, 393 U.S. at 377-78, 89 S.Ct. 575; *Strunk v. United States*, 412 U.S. 434, 439-40, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). "The fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge." *Smith*, 393 U.S. at 378, 89 S.Ct. 575.

56 N.E.3d at 74.

[13] Had the State served an arrest warrant upon Harrison, Criminal Rule 4(C) would have dictated that Harrison be tried on a new charge within one year from the date of his arrest. But no warrant was served on Harrison. He is incarcerated with no end in sight, but for the expiration of his original unrelated sentence. At the time he executed the waiver document, Harrison was taken into custody for alleged parole violations, including newly alleged criminality. Yet, he has no statutory right to a parole revocation hearing until there is a resolution of these new criminal charges. The prosecution of these new charges has been delayed, however, in that Harrison has not been served with arrest warrants and he lacks speedy trial rights to force an expeditious determination because he has not been arrested. The circumstances have prompted appellate counsel to observe, "Mr. Harrison is up a creek without a paddle." Appellant's Brief at 8.

[14] The State takes the position that Harrison may lawfully be incarcerated until the expiration of his twenty-year sentence, on May 31, 2022, without any determination of probable cause supporting the parole violation allegation. This is so, according to the State, because Harrison signed a waiver absolving the Indiana Parole Board of any duty in that regard. We must disagree. If we accepted the State's position that Harrison, a parolee, can lawfully be incarcerated until his maximum release date without presentation of evidence or admission of guilt, the State's burden to establish an alleged parole violation would be completely obviated.

[15] Moreover, when Harrison ostensibly waived his right to a determination of probable cause of a parole violation in a preliminary hearing, he could not reasonably have contemplated the breakdown in the prosecutorial process. The plain language of Indiana Code Section 11-13-3-9 contemplates the "arrest and confinement" of a parolee as a predicate to a preliminary hearing. Here, the execution of a waiver document absent an arrest on any new charge started a chain of events that has denied Harrison the opportunity to have probable cause for a parole violation established and denied him the disposition of criminal charges in a reasonably timely manner. As Harrison insists, our parole statutory scheme is not to be implemented in this way. *Cf.* Indiana Constitution, Art. 1, Section 12:

> All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law.

> Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without *delay*.

(emphasis added.)

[16] At first blush, it would appear that Harrison is entitled to immediate release, subject to conditions of parole. However, we cannot on the record before us determine with certainty that an arrest warrant has not been served upon Harrison after the trial court issued its habeas ruling. We find further fact-finding proceedings necessary, and therefore remand the matter to the trial court.

# Conclusion

[17] It is not evident from the record that Harrison is entitled to immediate release from custody. However, he may not simply be held until his original sentence expires, with no determination of probable cause for a parole violation. We remand and instruct the trial court to conduct a hearing on a rule to show cause directed to the Indiana Attorney General to show why Harrison is not entitled to immediate release subject to conditions of parole.

[18] Remanded.

Riley, J., and Pyle, J., concur.